## BROWN v. INTERNATIONAL LAND CO.

No. 893. Opinion Filed July 11, 1911.

(116 Pac. 799.)

1. **LANDLORD AND TENANT—Lease—Construction—Covenant for Quiet Enjoyment.** The following clause in a lease of real estate· construed to be a covenant for quiet enjoyment: "The said party of the first part (the lessor) agrees that during the term of this lease to defend the party of the second part in peaceable possession of said premises. In case the party of the second part

should be molested, the party of the first part and the party of the second part choose a man each to arbitrate the difference. Should they disagree they choose a third man, and the decision of the three be final without remark.''

2. SAME—Action for Breach of Covenant—Mere Intruders. To sustain an action for the breach of a covenant for quiet enjoyment in a lease, it is necessary for the plaintiff to show that he has been prevented from taking possession of the leased premises, or that his quiet enjoyment has been hindered or disturbed by the lessor, or some person deriving their right or title through him, or from a paramount title; a hindrance or disturbance by a mere intruder is not sufficient.

(Syllabus by the Court.)

*Error from Muskogee County Court; W. C. Jackson, Judge.*

Action by W. H. Brown against the International Land Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. D. Halfhill,* for plaintiff in error.

*Rodgers & Clapp,* for defendant in error.

KANE, J. This is an appeal from a judgment of the county court of Muskogee county in favor of the defendant in error, who was defendant below. The action was for the breach of a certain covenant in a lease of farming land.

The evidence of the plaintiff in error, plaintiff below, discloses the following facts: On the 25th day of November, 1905, the defendant, as lessor, made a lease to W. H. Hall, as lessee, covering 160 acres of land in what is now Muskogee county, the lease to run for four years; the stipulated rental was $100 a year, payable on the 1st day of November of each year, commencing in the year of 1906. In other respects the lease was the ordinary form of agricultural lease. The covenant sued upon is as follows:

"The said party of the first part (the lessor) agrees that during the term of this lease to defend the party of the second part in peaceable possession of said premises. In case the party of the second part should be molested, the party of the first and the party of the second part choose a man each to arbitrate the difference. Should they disagree they choose a third man, and the decision of the three be final without remark."

On the 9th day of July, the lessee under said lease, W. H. Hall, assigned the lease to the plaintiff, with the consent of the lessor.   Hall, the original lessee, paid the rental for the year 1906, and Brown, the plaintiff, for the year 1907.   No further rentals were ever paid.   The defendant's title, at the time it made the lease to Hall, was as follows:   It held a five-year agricultural lease from the allottee of the land, one Polly Coffee, or Washington, which lease had a duration extending beyond the term of the lease to Hall.   Some time before the 1st day of January, 1908, the subtenant of Brown, the plaintiff, whose sub-lease expired with the rental season of 1907, moved off the place, and the premises were entirely vacant and unoccupied, although there was a house thereon.   About the 1st of January, 1908, the husband of the allottee, who was himself an Indian, moved into the house, and took possession of the premises.   This he did without the consent of the original lessee, and·without any resistance or objection by the plaintiff, who had left the premises unoccupied.   The plaintiff took no steps whatever to get Washington off, or to recover possession of the leased land.   Instead he came to the officers of the International Land Company, and insisted that it was their duty to put him back into possession.   They denied that such was the duty of the·company; and while they did everything they could to recover peaceable possession' of the premises for the plaintiff, they declined to institute any legal proceedings, claiming that under the circumstances they owed no duty to the plaintiff to place him again in possession.   The plaintiff also testified that he offered to name arbitrators, but that the president of the defendant company refused to do so.

The judgment appealed from was the result of a verdict of the jury, which was directed by the court, upon the ground that the evidence of the plaintiff did not establish any cause of action against the defendant, for the reason that it failed to show that there had been a breach of the covenant sued upon.   To reverse this judgment, this proceeding in error was commenced.

The only question presented to us for review is, Did the court below, under the facts above disclosed, commit error in

directing the jury to return a verdict in favor of the defendant, and in rendering a judgment thereon? We think the ruling of the court below was correct. To our mind the covenant sued upon is in effect a covenant for quiet enjoyment, which does not operate to protect the tenant from the act of a stranger disturbing him in his quiet enjoyment and possession. As far as the record discloses, Washington, the husband of the lessor, did not claim the right of possession by reason of any paramount title, or by reason of any defect in the title of the original lessee or its assignee.

"The general rule is that an express or an implied covenant for quiet enjoyment should be interpreted to mean a covenant to secure the lessee against the acts or hindrances of the lessor and persons deriving their rights or title through him, or from a paramount title, and it will not be regarded as operating to protect the tenant from the acts of strangers disturbing him in his quiet enjoyment and possession." (24 Cyc. p. 1058.)

The same work, volume 2, p. 1118, under the title "Covenants," states the rule as follows:

"To sustain an action for the breach of an absolute or unlimited covenant for quiet enjoyment, it is necessary for the plaintiff to show that he has been prevented from taking possession, or has been evicted, by a person having a lawful and paramount title existing at the time of the defendant's covenant, as this covenant for quiet enjoyment applies only to the acts of those claiming title at the time it was entered into. * * * To constitute a breach of a full covenant for quiet enjoyment against all persons, there must be a union of the act of disturbance and lawful title. A possession or disturbance by a mere intruder is not sufficient."

Having reached the conclusion that the covenant sued upon is a covenant for quiet enjoyment, to multiply authorities on the rights and liabilities of the parties thereunder would be a work of supererogation. The text above quoted succinctly states the rule laid down by the courts of nearly every state in this country.

The judgment of the court below is affirmed.

All the Justices concur.